### No. 457
### VINSON v. STATE
No. 19677. Supreme Court

On motion for leave to file. Dock. Mar. 9, 1926.

629. INDICTMENTS—Is an indictment charging an officer of a Building and Loan Corporation with signing a false financial statement of such corporation subject to demurrer because it does not allege that the statement was filed with the Superintendent of Building and Loan?

Merritt A. Vinson was convicted upon a charge of perjury by Cuyahoga Common Pleas

---

### Seventh Semi-Annual Digest

We take the liberty of calling attention of our subscribers to the fact that this paper is Number 22 for 1926. Hence it can be easily determined that No. 25, three papers hence and the last issue for the first half of the year, will be reached June 26. As usual, this paper will contain the Seventh Semi-Annual Abstract Digest. This we are now preparing, and expect to have it out promptly.

## OHIO SUPREME COURT—Continued

and this judgment was affirmed by the Court of Appeals.

The subject of the alleged perjury was the swearing to an annual report of The Municipal Secretary for about six months prior to the report.

The State in this case had only one item of falsity in the report. Its contention was that the statement contained in the report as to the amount of cash of The Building & Loan Co. was false, and false in the particular that a check dated December 31st 1923 being the last day of the period covered by the report and which came in after banking hours and in the amount of $139,500.00 was treated as though in the bank depository of the company, although the same was not actually deposited until January 2nd. This was a check of the Representative Realty Co. in payment of loans by the Municipal to the Representative, but this check would not have been good and would not have been paid by the bank had not The Representative Realty Company withdrawn from The Municipal Sav. & Loan Co. $140,-000.00 from a savings account in which it had approximately $500,000.00 to its credit, and this withdrawal check was dated January 2nd and both checks were deposited simultaneously in the bank.

The company had an auditor by the name of Cowan and a bookkeeper by the name of Fulton. The form for the annual report was delivered to Mr. Cowan who prepared the data for the report and inserted it in pencil in one of the forms. Mr. Fulton made up the trial balances for the main office and the branch offices furnished their trial balances to Cowan and in this manner the report was made up. When Cowan completed his work he spoke to Vinson and told him that he would be required to sign this report as Secretary and that an auditing committee also had to sign. This was early in January, 1924. Harry Perris was one of the members of the auditing committee but the other two members had resigned at the time of the wholesale resignation.

About a month prior to this Mr. Baker who had been an examiner of the building and loan department for some thirteen years, was employed by the company, and Vinson asked him if he would act with Ferris as an auditing committee.

The pencil report was then handed to Baker and Perris by Mr. Vinson with a request that they check it and see that it was correct, and they worked for over a week checking this report.

Then Baker, the former State examiner, suggested that the report would look better if it was typewritten and this was done. Then Baker and Perris first signed the report as an auditing committee certifyng its correctness, and then in the presence of Mr. Baker, Vinson swore to this report before one of the notaries in the office.

The court should bear in mind that Vinson did not swear to this report until after Baker, the State examiner, and Perris had both certified that it was correct after checking it over.

The report was actually sworn to on January 24th, 1924, and was a report of the year's business ending on and including December 31st, 1923. By law, the Building & Loan Companies are allowed thirty days from the end of their fiscal year in which to file their annual report.

Vinson, in the Supreme Court, contends:

1. That a demurrer to the indictment should have been sustained because the indictment did not allege that the annual report was ever filed.

2. That there was no evidence of falsity of the statement.

3. That there was no evidence of guilty knowledge on his part.

4. That the verdict is contrary and against the weight of the evidence.

Attorneys—James L. Lind, Cleveland, and J. G. Price, Columbus, for Vinson; C. C. Crabbe and J. I. Eagleson for State; both of Columbus.